MATILDA ROSS, as Administratrix of the Estate of THOMAS W. ROSS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35314.) — Appeal from an order of the Court of Claims dismissing a motion made by the State pursuant to rule 107 of the Rules of Civil Practice, to dismiss the claim herein upon the ground that the court had no jurisdiction of the subject matter of the action. The claim seeks an award for damages sustained as the result of the death of one Thomas W. Ross, allegedly caused by certain acts and omissions of the State. The following facts appear without dispute. Decedent was employed as a hospital attendant at the Binghamton State Hospital. He died on September 5, 1957 as the result of injuries sustained when he was stabbed by an alleged lunatic whom the intestate was attempting, at the direction of his superior officers, to apprehend and return to the hospital. Decedent of course was an employee of the State and his widow was entitled to compensation under the Workmen's Compensation Law, because clearly it could be found that he died as the result of accidental injuries arising out of and in the course of his employment. As a matter of fact the widow made a claim and was awarded compensation. It is sought to bring the claim herein out of the ambit of the Workmen's Compensation Law under those cases which enunciate the principle that an employer who has been guilty of an intentional and deliberate assault, either directly or through an agent, cannot relegate the employee to the Workmen's Compensation Law as the sole remedy for his tortious act (*Lavin* v. *Goldberg Bldg. Material Corp.*, 274 App. Div. 690, 279 App. Div. 1128, motion dismissed 304 N. Y. 738; *De Coigne* v. *Ludlum Steel Co.*, 251 App. Div. 662). To this end the claimant has alleged in her claim deliberate, intentional, wanton and gross negligence on the part of decedent's superiors. We think however from the undisputed facts revealed in the record that a willful intention to harm decedent cannot

be spelled out from such facts, and that viewed in the light most favorable to the claim nothing more than gross negligence could possibly be found. The common-law liability of an employer cannot be stretched to include accidental injuries caused by gross negligence or other misconduct of the employer short of genuine intentional injury (2 Larson, Workmen's Compensation Law, §§ 68.13, 68.21). We think the undisputed facts that give rise to the claim make the matter subject to the Workmen's Compensation Law alone. The bare assertion in the claim that the incident was not accidental within the meaning of the statute has no basis to support it either in fact or in law. The unfortunate and tragic event arose out of the care and treatment of a mental incompetent and we fail to see how the facts can properly be construed to show a willful and intentional assault on the part of the State. Order reversed and claim dismissed, without costs. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur. [14 Misc 2d 1068.]