## Evans, Appellant, *v.* Allentown Portland Cement Co.

Argued January 15, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George R. Eves,* for appellant.

*Richard A. Bausher,* with him *Stevens & Lee,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

This is an appeal from the order of the Court of Common Pleas of Berks County, sustaining appellee's preliminary objections in the nature of a demurrer.

The case arose out of an industrial accident, in which appellant's decedent, James M. Evans, was killed. The complaint alleged that appellee, Allentown Portland Cement Co., had operated an electrically powered conveyor system without the safeguards required by law; and that the decedent met his death as a result of the unguarded system. It further alleged that because of the unlawful acts of appellee, neither decedent nor appellant was bound by the provisions of the Workmen's Compensation Act. Appellees filed preliminary objections asserting that appellant's exclusive remedy was under the Workmen's Compensation Act and that no cause of action existed in trespass. The court below sustained the preliminary objections. We affirm.

The Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq., provides that compensation shall be paid "when employer and employe shall by agreement, either express or implied . . . accept the provisions of article three of this Act." Section 301(a) of Article III, 77 P.S. §431. It is conclusively presumed under the Act that the parties have accepted the provisions of the Act and have agreed to be bound thereby unless written notice of an intention that the Act not apply be given by either party to the other. Section 302(a) of Article III, 77 P.S. §461. Section 303 of Article III of the Act, 77 P.S. §481, specifically states: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and *shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of employment,* or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband,

widow or widower, next of kin, and other dependents."
(Emphasis supplied).

Appellant contended below that §303 is inapplicable
in the instant case because of the allegations of a wil-
ful and unlawful violation of the safety provisions of
both the Act of May 18, 1937, P. L. 654, §2, as amend-
ed, 43 P.S. §25-2(b), and the Rules and Regulations
of the Department of Labor and Industry. The court
below properly gave short shrift to appellant's conten-
tion, pointing out that the cases upon which he relied
were neither good law, at present, nor if they were good
law, were they applicable to the instant case because
they both involved the special situation of the employ-
ment of minors in direct contravention of a statute
prohibiting such employment.

Appellant has shown us no reason to reverse the
court below. Although the word "minor", nowhere to
be found in his complaint, now conspicuously dots ap-
pellant's brief, we fail to see the relevance. Even if
*Lincoln v. National Tube Co.*, 268 Pa. 504, 112 Atl. 73
(1920), and *King v. Darlington B. & M. Co.*, 284 Pa.
277, 131 Atl. 241 (1925), were good law, appellant has
failed to come within their ambit. Appellant has
pointed to no statutory provision or Labor Department
regulation which prohibits the employment of nineteen-
year-olds at the job at which decedent was employed.

What is more important, though, is the fact that
the two cases on which he relies were laid to rest by
amendments to the Workmen's Compensation Act and
our cases of *Fritsch v. Pa. Golf Club*, 355 Pa. 384, 50
A. 2d 207 (1947), and *Lengyel v. Bohrer*, 372 Pa. 531,
94 A. 2d 753 (1953). Before the enactment of the
Acts of April 14, 1931, P. L. 36, June 21, 1939, P. L.
520, and May 18, 1945, P. L. 671, amending the Work-
men's Compensation Act, it had uniformly been held
that a minor employed in violation of the Child Labor

598

Act could maintain. an action of trespass for personal injuries received during the course of his employment. *Lincoln v. National Tube Co.*, supra; *King v. Darlington B. & M.*, supra. The amendment of 1931, however, provided that a minor employed in violation of law should receive double the amount of workmen's compensation he ordinarily would have been entitled to receive. The amendment of 1939 reduced the additional amount to 10% of the usual amount. The amendment of 1945 provided that if minors, like adults, did not elect not to be bound by these workmen's compensation provisions, they would be so bound and waived all other rights of action. *Fritsch v. Pa. Golf Club*, supra, and *Lengyel v. Bohrer*, supra, quite properly interpreted the effect of these amendments as prohibiting an action at law by an illegally employed minor, in the absence of a rejection of the Workmen's Compensation Act by either the minor or the employer. The obvious intent of the amendments was to give the minor a *quid pro quo* in the form of additional compensation but prohibit any common law action.

The minor is thus treated just like the adult, with the exception of the additional amount recoverable. With regard to adults, we have often held, most recently in *Hyzy v. Pittsburgh Coal Co.*, 384 Pa. 316, 121 A. 2d 85 (1956), that even where neglect of a statutory duty is alleged, the employee's only remedy is under the Workmen's Compensation Act.

The order of the court below sustaining the demurrer is affirmed.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:
I concur in the result reached by the majority opinion because the complaint did not allege that decedent was a minor.