**John SCHICK, Administrator of the Estate of Joseph Schick, Deceased**

v.

**GOOD HUMOR CORP., Appellant.**

No. 18382.

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1971.

Decided Feb. 25, 1971.

337

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa. (John R. McConnell, Philadelphia, Pa., on the brief), for appellant.

Albert S. Fein, Fein, Criden & Johanson, Philadelphia, Pa. (Henry Thomas Dolan, Dolan & Morrissey, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff's decedent suffered fatal injuries when a truck which he was operating for his employer skidded and overturned. His personal representative brought a diversity action sounding in common law tort against the employer who unsuccessfully urged that recovery was limited to that sought by the claim being processed under the Pennsylvania Workmen's Compensation Act, 77 Purd. Stat.Anno. § 1 et seq. Section 303 of Article III of the Act, 77 Purd.Stat.Anno. § 481, provides that an agreement by the parties to accept the provisions of the Act, "shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment * * *." The district court ruled that because plaintiff's decedent was a twenty year old minor at the time of the incident, and because there was evidence that the employer furnished a truck which did not comply with the statutory requirements of the Pennsylvania Vehicle Code, the claim under the Workmen's Compensation Act was not a bar to this action. We disagree and reverse.

However unsettled Pennsylvania case law may once have been, the Pennsylvania Supreme Court's decision in Evans v. Allentown Portland Cement Co., 433 Pa. 595, 252 A.2d 646 (1969), now leaves no doubt about the disposition required in this diversity action. _Evans_ explicitly declared that the cases upon which plaintiff here relies, Lincoln v. National Tube Co., 268 Pa. 504, 112 A. 73 (1920) and King v. Darlington B. & M. Co., 284 Pa. 277, 131 A. 241 (1925), "were laid to rest by [1931, 1939, and 1945] amendments to the Workmen's Compensation Act and our cases of Fritsch v. Pennsylvania Golf Club, 355 Pa. 384, 50 A.2d 207 (1947), and Lengyel v. Bohrer, 372 Pa. 531, 94 A.2d 753 (1953)." 252 A.2d at 647. Although plaintiff contends that a minor may not be bound by the provisions of the Workmen's Compensation Act if his injuries occurred during a violation by the employer of a statutory or regulatory obligation, _Evans_ specifically rejected this argument:

> The amendment of 1945 provided that if minors, like adults, did not elect not to be bound by these workmen's compensation provisions, they would be so bound and waived all other rights of action. Fritsch v. Pennsylvania Golf Club, supra, and Lengyel v. Bohrer, supra, quite properly interpreted the

effect of these amendments as prohibiting an action at law by an illegally employed minor, in the absence of a rejection of the Workmen's Compensation Act by either the minor or the employer. The obvious intent of the amendments was to give the minor a *quid pro quo* in the form of additional compensation but prohibit any common law action.

The minor is thus treated just like the adult, with the exception of the additional amount recoverable. With regard to adults, we have often held, most recently in Hyzy v. Pittsburgh Coal Co., 384 Pa. 316, 121 A.2d 85 (1956), that even where neglect of a statutory duty is alleged, the employee's only remedy is under the Workmen's Compensation Act.

*Id.* at 647–648.

Plaintiff has not rejected Workmen's Compensation coverage. Indeed, he pursued the remedies provided for under the Act and presently is engaged in state litigation over the amount of weekly compensation due the estate.

The judgment of the district court will be reversed and the cause remanded with directions to enter judgment notwithstanding the verdict for defendant-appellant.