## Rodgers v. Broadbents Spray Rentals

*Richard A. Gutman*, for plaintiff.
*Curtis P. Cheyney*, III, for defendant.

SURRICK, *J.*, August 5, 1981—This case is an action in trespass, brought by Charles Rodgers against Broadbents Spray Rentals, alleging that defendant is liable to plaintiff for an injury which he sustained as a result of the malfunction of a certain diesel water pump. Defendant, in its answer and new matter, alleged that plaintiff was an employee of defendant and was, at all relevant times, acting within the scope of his employment. Defendant also alleged that it tendered Workmen's Compensation benefits to plaintiff, that plaintiff accepted these benefits and that the Workmen's Compensation Act was plaintiff's sole and exclusive remedy for this injury. Plaintiff responded to defendant's new matter by admitting that he was an employee acting within the scope of his employment at the time of the injury and that he had received Workmen's Compensation benefits. However, plaintiff also responded that the Workmen's Compensation Act was not his sole and exclusive remedy because of defendant's "willful, wanton and malicious conduct, as alleged in paragraph 6 of the plaintiff's complaint."

After deposing plaintiff, defendant filed a motion for summary judgment contending that the Pennsylvania Workmen's Compensation Act was a bar to the instant claim. On February 27, 1981, this court issued an order granting defendant's motion. This opinion is written in support of that order.

Plaintiff's three-count complaint contains the following allegations in count one:

"6. *The gross, wanton and willful negligence* of the defendant consisted of the following:

(a) manufacturing, but failing to test appropriated measures to ascertain if the aforesaid diesel pump was suitable for the purposes to which it was intended:

(b) encouraging and requiring the plaintiff to use the aforesaid diesel pump:

(c) knowledge of the diesel pump's defective condition, and failing to warn the plaintiff or any other users of the aforementioned diesel pump of the said defective condition:

(d) failing to make the aforesaid diesel pump safe for all of the ultimate users:

(e) failing to use due care under the circumstances." (Emphasis supplied.)

This paragraph is incorporated by reference into the other two counts.

Plaintiff's first count contains a cause of action based upon negligence. The second count seems to be based upon a theory of breach of warranty. The third count attempts to state a grounds for recovery under the theory of "ultra-hazardous activity". It is again important to note that all three counts of plaintiff's complaint rely upon the allegations in paragraph no. 6 above.

The Pennsylvania Workmen's Compensation

Act, as amended in 1974, provides as follows in Section 303(a):

"The liability of an employer under this Act shall be exclusive and in place of any and all other liabilities of such employees, his legal representative, . . . or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in Section 301(c)(1) and (2)." 77 P.S. §481(a).

Our appellate courts have universally held that the 1974 Amendment to the Workmen's Compensation Act was intended to strengthen the exclusive nature of the Workmen's Compensation Act. In Heffern v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), the Superior Court made the following statement in this regard:

"The Court below held that the 1974 Amendment was merely a recitation of the current law. If this were the case the Legislature merely encumbered the law by a fruitless act. This was clearly not intended. By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not a supplement to, common law tort actions.

Clearly, the amendment grants the employer-appellant immunity from suit and bars its joinder as an additional defendant in this action. The employer's right to subrogation remains unchanged." (Emphasis supplied.)

In reaching this conclusion, the court examined the legislative history of the 1974 amendments at length. It observed that the Pennsylvania Legislature deliberately adopted language almost identical to the Federal Longshoreman's and Harbour Workers' Compensation Act, 33 U.S.C. Sect. 901 et seq. The court further commented:

"Federal cases are legion on this matter. The Supreme Court has made it clear that the purpose of the above section of the Act was to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence: Mahnich v. Southern S/S Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Ryan Stevedoring Co., Inc. v Pan-Atlantic S/S Co., 350 U.S. 125, 76 S.Ct. 232, 100 L.Ed. 133 (1956); American Mutual Liability Co. v. Matthews, 182 F. 2d 322 (2d Cir. 1950)."

Our Supreme Court, in the case of Wagner v. National Indemnity Co., 422 A. 2d 1016 (1980), specifically interpreted the Workmen's Compensation Act as follows:

"Any analysis must start with the plain meaning of Section 303 of the Workmen's Compensation Act, which in clear and unambiguous words, states that liability under workmen's compensation is the exclusive liability of an employer to an employee for injury, death or occupational disease. As a broad remedial statute, the act was passed to protect employees and their families by insuring a quick and certain payment for work-related injuries without having to resort to the courts. As the Superior Court stated in Greer v. United States Steel Corp., supra., 597 at 599, 352 A. 2d 450:

'With the enactment of the first Workmen's Compensation Act by the legislature in 1915, Act. No. 338, June 2, 1915, P.L. 736, 77 P.S. Section 1 et seq., and its companion, the Occupational Disease Act, Act of June 21, 1939, P.L. 566, No. 284, 77 P.S. Sect. 1201, et seq. and the amendments made periodi-

cally thereto, it has been the clear legislative intent to provide an accessible, expert and easy forum for the handling of all claims for occupational injury and disease; to provide for prompt payment of all costs for all medical expenses and reasonable income loss payments to the employee or his dependents; to reduce the costs and delays of personal injury court trials and eliminate unnecessary payment of fee to lawyers, witnesses as well as time-consuming trials and appeals; and to accomplish this without assessing fault to the employee or employer while the employer is freed from the threat of court suit.'

Thus, under the Workmen's Compensation Act, both the employer and the employee relinquished certain rights to obtain other advantages. For the worker, he no longer has to prove negligence; in return, the employee had to accept a limited, though certain, recovery. The employer, on the other hand, guaranteed compensation to an injured employee in return for the exclusivity of the workmen's compensation liability to its employees."

Notwithstanding the foregoing, plaintiff argues that the Workmen's Compensation Act is only the exclusive remedy as to injuries for which it provides compensation and that, under Section 301(c)(1) of the act, the injury in the instant case is excluded from coverage. We disagree.

Section 301(c)(1) of the Act provides as follows:

"The term 'injury' and 'personal injury' as used in this Act shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto . . .The term 'injury arising in the course of employment' as used in this article,

*shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment*, but shall include all other injuries sustained while the employee is actually engaged in the furtherence of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . ." 77 *P.S. §411(1)*. (Emphasis supplied.)

Section 301(c)(1) thus creates a narrow exception to the otherwise exclusive nature of Section 303(a). Plaintiff contends that the instant case falls within this exception.

Initially, it should be observed that plaintiff's complaint contains no allegations which would bring this case under the exception of Section 301(c)(1). No intentional act of any nature whatsoever is alleged to have been committed by defendant. In addition, there is nothing in this record that can be interpreted to suggest that plaintiff was injured as a result of intentional acts aimed at him for personal reasons, as required by the language of Section 301(c)(1).

Plaintiff, citing the case of Frankel v. Abbotts Dairies, Inc., 185 F. Supp. 636. E.D. Pa. (1960), contends that defendant's conduct has taken it outside of the coverage of the Workmen's Compensation Act.[1] After careful consideration of Plaintiff's

---

1. Judge Clary of the Federal District Court for the Eastern District of Pennsylvania, referring to the Pennsylvania Supreme Court case of Dolan v. Linton's Lunch, 397 Pa. 114, 152 A. 2d 887 (1959), explained his decision in a footnote as follows:

"2. This case, which involved a fact situation expressly excluded from coverage of the Act, (i.e., a situation where the

position, we conclude that, if Frankel was ever the law in Pennsylvania, it is not now.

In the case of Ulicny v. National Dust Collection Corp., 391 F. Supp. 1265, E.D. Pa. (1975), the Federal District Court for the Eastern District of Pennsylvania considered a complaint which contained allegatons similar to those with which we are here involved. That complaint sought to recover damages as a result of the death of plaintiff's decedent allegedly caused by the "reckless", "wanton" and "willful", as well as "negligent" conduct of the defendant-employer. The court, citing Evans v. Allentown Portland Cement Company, 433 Pa. 595, 252 A. 2d 646 (1969),[2] held that plaintiff's exclusive remedy was the Pennsylvania Workmen's Compensation Act and entered judgment against the plaintiff. We can see no reason why the reasoning and logic of Evans and Ulicny are not equally applicable here.

Plaintiff next contends that a motion for summary judgment raising the defense of the Work-

---

injury is caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe) held that where the Act did not cover a situation, the injured person was not precluded from maintaining an action in trespass against his employer. We see no difference between that case and our own, where, by judicial interpretation of the Act (rather than by express language in the statute), another fact situation is held to be outside its coverage."

2. In Evans, the Pennsylvania Supreme Court affirmed the lower court's sustaining of defendant's preliminary objections to plaintiff's complaint holding that, even though the decedent was allegedly killed as a result of his employer's willful and unlawful violation of statutory safety provisions, the Workmen's Compensation Act barred a common law recovery.

men's Compensation Act is improper and premature because of the existence of a genuine issue of fact. The Superior Court of Pennsylvania, in the case of Stewart v. Uryc, 327 Pa. Superior Ct. 258, 352 A. 2d 465 (1975), made the following statement in this regard:

"The resolution of the instant case hinges entirely on whether minor plaintiff was an employee of appellee. If so, summary judgment was properly entered as minor plaintiff's exclusive remedy would be under the Workmen's Compensation Act; if not, minor plaintiff was free to pursue his common law remedies and summary judgment was improperly entered."

Although we are not here dealing with the issue of whether plaintiff was an employee of defendant, we are dealing with a situation where there is nothing in the record from which we could conclude that the Workmen's Compensation Act was not the exclusive remedy available to plaintiff. Plaintiff's complaint alleges no intentional injury and none can, therefore, be proven at trial. The allegation of "gross, wanton and willful negligence" are not sufficient to remove plaintiff's injury from the coverage of the act. There is no genuine issue of fact to be decided. Defendant's motion was both timely and proper.

Plaintiff next contends that the motion for summary judgment was premature because discovery had not been completed. Plaintiff argues that further discovery might well establish that the actions which caused plaintiff's injuries were intentionally caused. However, on August 22, 1980, a certificate of readiness was filed in this case.

Counsel for plaintiff signed that certificate certifying that all discovery had been completed and that the case was ready for trial. Moreover, the certificate of readiness was filed almost one month after the filing of defendant's motion for summary judgment and specifically recites the fact that the motion for summary judgment "is now pending before the Court". These circumstances obviously flaw the credibility of this contention. Moreover, as of this date, plaintiff's counsel has neither filed affidavits nor made application to the court for additional discovery or a continuance: Pa.R.C.P. 1035(e).

Finally, plaintiff asserts that defendant was engaged in ultra-hazardous activity at the time of the injury and that this fact takes plaintiff's cause of action outside the coverage of the Workmen's Compensation Act. Again we disagree. We do not believe that defendant's conduct, under all of the circumstances, falls into the category of ultra-hazardous activity. Even if it did fall into this category, we conclude that plaintiff's exclusive remedy is still the Pennsylvania Workmen's Compensation Act. Moreover, plaintiff has cited no authority to the contrary.

For all of the foregoing reasons, we entered the order of February 27, 1981, granting defendant's motion for summary judgment.