## Brooks v. Marriott Corporation

*Gregory L. Sturn,* for plaintiff.
*Joseph Bodell Jr.,* for defendant.

GARB, *P.J.*, July 8, 1986 — This is a death action. Defendant has filed preliminary objections as in the nature of a demurrer. The preliminary objections will be sustained.

Plaintiff is the administrator of the estate of Terri L. Brooks, deceased. Defendant is the owner of a Roy Rogers' Restaurant located on Route 1, Falls Township, Bucks County, Pa. The complaint asserts that plaintiff-deceased was employed by defendant at the restaurant at a time when a robbery occurred therein. At that time, it is alleged that the robber beat and stabbed the deceased, causing her death. The preliminary objections assert that this action is barred by the application of the Pennsylvania Workmen's Compensation Act. We agree.

The complaint asserts that the restaurant is located in an area which has been subject to frequent robberies in that neighborhood. It is further asserted in the complaint that this restaurant had been robbed on two prior occassions, but that no specific provisions were made for protection. It is further asserted that defendant or its agents failed to warn or advise decedent of the danger of employment in this restaurant.

We do not believe that these assertions remove this cause of action from the parameters of the Workmen's Compensation Law. Section 303(a) of the Workmen's Compensation Law, act of December 5, 1974, P.L. 782, §6, 77 P.S. 481(a) provides:

"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to.damages in any action at law or otherwise on account of any injury or

death as defined in section 301(c)(1), (2) or occupational disease as defined in section 108."

By the terms of this provision, an employee's ability to bring suit for damages against his employer is prohibited by the exclusivity provision of the Pennsylvania Workmen's Compensation Act. See *Christman v. Dravo Corporation,* 319 Pa. Super. 378, 466 A.2d 209 (1983) and *Heckendorn v. Consolidated Rail Corporation,* 502 Pa. 335, 465 A.2d 609 (1983) (holding that by virtue of the exclusivity provision of section 303(a) of the Pennsylvania Workmen's Compensation Act, an employer may not even be joined as an additional defendant by a third-party tortfeasor where the injury or death is job related).

The question is whether the death of decedent is a "injury" as that term is defined in the Workmen's Compensation Act. The term "injury" is defined in section 301(c), 77 P.S. 411 in relevant part as follows:

"The term injury . . . as used in this act shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto . . . and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment."

It is required, therefore, that an injury occur in the course of employment and be related thereto for it to be a compensable one. *Harris v. Workmen's Compensation Appeal Board,* 90 Pa. Commw. 483,

496 A.2d 87 (1985) and *Workmen's Compensation Appeal Board v. United States Steel Corporation*, 31 Pa. Commw. 329, 376 A.2d 271 (1977).

The injury and resultant death of deceased in this case obviously occurred while she was engaged in her employment and upon the premises of her employer. Therefore, the injury and death are compensable exclusively under the provisions of the Pennsylvania Workmen's Compensation Act unless the nature of the occurrence falls within some exception. The only exception to which this complaint can possibly be construed to refer is the exception for an injury intentionally inflicted by the employer. This was an exception created by *Readinger v. Gottschall*, 201 Pa. Super. 134, 191 A.2d 694 (1963) wherein the Superior Court held that the Workmen's Compensation Act creates no barrier to a plaintiff's right to recover in an action for common law trespass for an assault upon plaintiff by defendant employer. The exclusion created in *Readinger* continues to exist. See *Jones v. P.M.A. Insurance Company*, 343 Pa. Super. 411, 495 A.2d 203 (1985).

By no stretch of the imagination can the complaint in this case be construed as containing an allegation of an intentional tort by the employer upon the employee. At the very most, the language of this complaint can be construed as an assertion that the employer maintained a known, unsafe workplace and failed to take reasonable precaution to remedy or correct the unsafe condition or to warn the employee of the nature of that condition. Taken in its broadest sense and construing these allegations totally against the defendant, they fail to state a cause of action adequate to remove this case from the exclusivity provisions of section 303(a) of the Workmen's Compensation Act. In *Evans v. Allentown Portland Cement Company*, 433 Pa. 595, 252 A.2d

646 (1969), it was held that even where neglect of a statutory duty on the part of the employer is alleged, the employee's only remedy is under the Workmen's Compensation Act. See also *Taylor v. Carbon Limestone Company,* 50 D.&C.2d 67 (1970) holding that even the fact of violation by the employer of the child labor laws was not adequate to remove the case from the exclusive application of the Workmen's Compensation Act. Premised upon the holding in *Evans,* the Superior court in *Higgins v. Clearing Machine Corporation,* 344 Pa. Super. 329, 496 A.2d 818 (1985) held that where there is no allegation that the employer intended to injure the employee and the only intentional conduct of the employer develops out of his knowing failure to provide a safe workplace, the injury is one which is covered by the provisions of the Workmen's Compensation Law. See also *Shane v. Bethlehem Steel Company,* 61 D.&C.2d 312 (1973) wherein the Northampton County Common Pleas Court quotes from 2 Larson Workmen's Compensation Law, page 157 as follows:

"Even if the alleged conduct goes beyond aggravated negligence and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character."

The cause of action asserted in the complaint cannot be saved merely by the importation of such description of defendant's conduct as "intentional, wanton and willful." See *Higgins v. Clearing Machine Corp.,* supra, and *Weldon v. Celotex Corporation,* 695 F.2d 67 (3rd Cir., 1982), in which the court in construing Pennsylvania law as applicable

to a cause of action alleging an unsafe workplace again invokes the holding of *Evans v. Allentown Portland Cement,* supra. In citing *Ulicny v. National Dust Collector Corp.,* 391 F. Supp. 1265 (E.D. Pa., 1975), the court construes Pennsylvania law as barring recovery of damages by an employee against an employer accused of "reckless, wanton, willful and negligent" conduct.

"These decisions accord with the general principle that 'the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute or other misconduct of the employer short of genuine intentional injury.' 2 A. Larson, The Law of Workmen's Compensation, section 68.13 (1975) *Weldon v. Celotex Corporation,* page 73."

For the foregoing reasons, we are satisfied that the complaint in this case fails to state a cause of action and must be dismissed.[1]

## ORDER

And now; this July 8, 1986, it is hereby ordered that the preliminary objections are sustained, and the complaint is dismissed.

---

1. Judge Takiff, of the Philadelphia Common Pleas Court, entered an extensive and exhaustive analysis of the Workmen's Compensation Act of Pennsylvania in an asbestos case on October 24, 1984, which completely covered and evaluated the issues contained herein. See *Getz v. Rohm and Haas Company et al.*(slip opinion 576) (2563 A) November term, 1983, October 24, 1984.