UNION COUNTY COURT OF COMMON PLEAS.

ROSALINO RUMBOLO, PETITIONER-APPELLEE, v. MARY ERB, TRADING AS MARKET TAVERN, RESPONDENT-APPELLANT.

Decided April 1st, 1941.

For the petitioner-appellee, *Joseph L. Tavormina.*

For the respondent-appellant, *Frank J. Burns.*

McGRATH, C. P. J.   Petitioner was employed to sweep and clean around the tavern of respondent, and while sweeping, an argument arose as to what should be done. Petitioner claims that respondent assaulted him and permanently injured him. I have carefully considered the different versions of the affray and other evidence and find as follows:

First: The compensation court has no jurisdiction in a case of this character. Suits for assault could always be brought at common law by employer and employe and there is no reason why the act should cover a case of direct assault by the employer personally upon the employe. Such cases (as this one) usually involve mutual charges of assault and counter-suits and counter-claims and there are, of course, no provisions in the Compensation act for counter-claims or set-offs by the employer; nor is there any provision for adjustment of verdicts as there is in the case where the employe can also recover against a third party or a fellow workman. Obviously, it was not intended that the compensation court should have exclusive jurisdiction over the workman's claim against his

employer for a personal assault. This would leave the employer with no remedy for his claim that the workman assaulted him or would require the employer to sue the employe in the common law court while the employe sued him in the compensation court. It is hardly necessary to suggest the absurdity of such a procedure.

Second: There is nothing to suggest a reasonable risk of assault in what the employe was called upon to do to fulfill his contract of service. An ordinary fight of this kind is not one of the risks of such employment. The argument obviously arose because the petitioner chose to argue with his employer rather than to obey her reasonable instructions and there is uncontradicted evidence that he had made trouble for her on other occasions and that on this occasion he ran out when she threatened to call the police. It is also significant that the deputy commissioner did not find that there was an assault, but only that there was an "accident."

Third: I find that the weight of evidence brings the case within the rule of *Merkel* v. *Gillespie,* 10 *N. J. Mis. R.* 1081, and recovery should be denied for the same reasons.

It is, therefore, * * * ordered that the petition be dismissed for lack of jurisdiction and failure of proof.