## Beale v. Hollimon

*E. Fischer* and *H. Fischer*, for plaintiff.

*Sporkin & Abrams* and *B. Pomerantz*, for defendant.

FLOOD, J., November 26, 1956.—The question upon which we asked reargument and the only one we need discuss in the opinion, is whether an employe can recover in trespass for an intentional assault by his employer while the parties are covered by The Workmen's Compensation Act of June 2, 1915, P. L. 736. Judgment was entered for plaintiff in default of appearance. The court refused to open this judgment, and the trial judge assessed punitive as well as compensatory damages. The question before us has not been decided in Pennsylvania in any reported case so far as our research discloses. Despite the default judgment for plaintiff, we feel that we should reexamine the question in view of the holding of the Supreme Court in Socha v. Metz, 385 Pa. 632 (1956).

1. Two theories upon which recovery in trespass may be sustained are suggested in the cases from other States with similar statutes. The first is that the assault breaks the continuity of the employment and gives the employe the option to proceed under the act or to sue in trespass. The second is a deliberate

assault by an employer is not covered by the act and suit must be brought in trespass.

Minnesota allowed recovery in trespass in Boek v. Wong Hing, 180 Minn. 470, 231 N. W. 233 (1930). The court, while holding that "accidents" under their statute included intentional assaults, yet concluded that when an employe was assaulted by his employer he had the election (1) to continue the employment and sue under the Workmen's Compensation law or (2) consider the willful and malicious assault as a termination of employment and sue on a common law cause of action. See also Heskett v. Fisher Laundry & Cleaners Co., 217 Ark. 350, 230 S. W. 2d 28 (1950).

New York has allowed recovery upon the reasoning that since "accident" means an undesigned event, then an injury by reason of a willful and malicious assault by an employer is not within the act and the employe can recover in a common law action: Le Pochat v. Pendleton, 187 Misc. 296, 63 N. Y. S. 2d 313 (Sup. Ct. 1946); De Coigne v. Ludlum Steel Co., 251 App. Div. 662, 297 N. Y. S. 636 (3rd Dept. 1937). This view has also been adopted in the British courts: Blake v. Head, 106 L. T. R. 822 (Ct. App. 1912).

New Jersey, too, has held that The Workmen's Compensation Act was not intended to cover a deliberate assault by employer and consequently denied recovery under its compensation statute in a situation such as we have before us: Rumbolo v. Erb, 19 N. J. Misc. 311, 20 A. 2d 54 (1941).

We have examined the pertinent language of the New York, New Jersey and Minnesota acts in effect when these cases were decided and find no significant difference in this area from the language of the Pennsylvania act. All provide for recovery for an injury arising out of and in the course of the employment. All except intentionally self-inflicted injuries and say

nothing about deliberate acts of the employer. All provide that the remedy shall be exclusive upon acceptance of the act with, in some cases, exceptions not having to do with the question before us. Minnesota provides that liability under the act shall accrue "without regard to fault". New Jersey provides for liability "without regard to negligence".

While some jurisdictions have reached opposite conclusions under similarly worded statutes, e.g., State Compensation Ins. Fund v. Industrial Accid. Comm'n, 38 Cal. 2d 659, 242 P. 2d 311 (1952), we think that the cases from New York, New Jersey and Minnesota, above cited, are sound and that we should reach the same result.

2. The option, or Minnesota theory, gains support from such cases as Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84 (1923), which held that the employe who committed a misdemeanor in violating the Anthracite Mine Act by entering a barricaded portion of the mine "severed his relation as a servant of the master; he was no longer in the course of employment, but was a free agent openly defying the statute of the Commonwealth". The reason for the conclusion reached was expressed in Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 484 (1927) as follows: "The employee, by his own act, breaks the continuity of employment, and becomes, for that time, a trespasser."

We think it can be argued with equal persuasiveness that an employer who assaults his employe breaks the continuity of employment and that, although he might still be held under the act, yet the employe has the option of saying the employment has been terminated and suing in trespass. See Welsch v. Pittsburgh Terminal Coal Corporation, 303 Pa. 405 (1931). However, in view of the flat prohibition in our act against recovery when the injury results from the employe's violation of the law (section 301($a_i$), as amended) we

prefer to base our decision upon the other theory, as set forth in the New York and New Jersey cases.

3. The theory that a deliberate assault is not included within the act can be maintained under the language of the act as interpreted in our cases.

If the injury is the result of an accident in the course of the employment, The Workmen's Compensation Act by its terms bars any recovery in trespass. One of the exceptions is the deliberate act of a third person for reasons personal to himself. Another is an intentionally self-inflicted injury. Nothing is said about an injury intentionally inflicted by the employer. While the phrase, " 'injury by an accident in the course of his employment' ", is defined in section 301 (c) of the act, 77 PS §411, the word "accident" itself is nowhere defined in the act. Section 301(a) of the act, as amended, 77 PS §431, the effective section, provides that compensation for injury or death by accident shall be paid in "all cases . . . without regard to negligence". This indicates that it may not have been the intention of the act to cover deliberate injury to an employe by his employer.

The definition of "accident" given in several of our cases is " 'an undesigned . . . event' ": Lacey v. Washburn & Williams Co., 309 Pa. 574 (1933); McCauley v. Imperial Woolen Co., 261 Pa. 312, 327 (1918); Mauchline v. State Insurance Fund, 279 Pa. 524, 526 (1924). We have the many statements in our cases that there can be no recovery where the injury is not the result of an accident so defined: Plaugher v. American Viscose Corp., 151 Pa. Superior Ct. 401 at 402 (1943).

The only argument the other way is that the act by its terms literally covers "all other injuries sustained while the employe is actually engaged in the furtherance of the business . . . of the employer". The answer to this argument is that our courts hold

that the injury to be compensable must be the result of an "accident" which they define as "an undesigned event".

The exceptions are dismissed. Judgment is entered on the findings for plaintiff.