Readinger *v.* Gottschall et ux., Appellants.

Argued March 22, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John S. Speicher,* for appellants.

*Donald F. Spang,* with him *David J. Batdorf,* for appellees.

OPINION BY FLOOD, J., June 12, 1963:

The chief question raised by this appeal is whether there can be a recovery in a trespass action by an employe for an assault upon him by his employers. This question has not heretofore reached our appellate courts but this is the second case in which a common pleas court has held that there can be a recovery. The cases in other jurisdictions are divided.

Mrs. Readinger, the wife-plaintiff, after working for the defendants, Mr. and Mrs. Gottschall, from May 9 to 11, 1958, was told by telephone on May 12th that her services were no longer required and that she should come for her pay on May 14th. When she came to the premises for her pay, as directed, a dispute arose as to the amount of wages due. According to the plaintiff's testimony Mr. Gottschall grabbed her shoulder and the back of her neck. Then his wife grabbed her by the left arm and started spinning her, and kept spinning her out through the main kitchen to the door. Then Mrs. Gottschall pushed her out the door and she stumbled outside and tried to straighten up. When she straightened up she felt something crack in her back.

There was a sharp conflict of testimony but the jury brought in a verdict in the plaintiffs' favor in the sum of $10,000. The court below refused the defendants' motions for judgment n.o.v. and a new trial upon a remittitur of all of the verdict in excess of $3,588. The court below held that (1) at the time of the assault Mrs. Readinger was no longer an employe of the defendants and was doing nothing in the way of furthering their business and (2) an intentional assault by an employer is not covered by The Workmen's Compensation Act. Since the court below was correct, in our opinion, on the second point, which is determina-

tive, we need not decide whether the wife-plaintiff was still in the employ of the defendants at the time of the assault.

Two theories upon which recovery in trespass may be sustained are suggested in cases from other states with similar statutes. The first, followed in Minnesota and Arkansas, is that the assault breaks the continuity of the employment and gives the employe the option to proceed under the act or to sue in trespass. The second, the New York and New Jersey rule, is that a deliberate assault by an employer is not covered by the act and suit must be brought in trespass.

Minnesota allowed recovery in trespass in *Boek v. Wong Hing,* 180 Minn. 470, 231 N.W. 233 (1930), holding that while an "accident" under their statute includes an intentional assault, yet when an employe is assaulted by his employer he has the election (1) to continue the employment and sue under The Workmen's Compensation Law or (2) to consider the wilful and malicious assault as a termination of employment and sue on a common law cause of action. See also *Heskett v. Fisher Laundry & Cleaners Co.,* 217 Ark. 350, 230 S.W. 2d 28 (1950).

New York has allowed recovery upon the reasoning that since "accident" means an undesigned event, or "an unlooked-for mishap", an injury by reason of a wilful and malicious assault by an employer is not an undesigned event and is not within the act and consequently the employe can recover in a common law action. *Le Pochat v. Pendleton,* 187 Misc. 296, 63 N.Y.S. 2d 313 (S. Ct. 1946) ; *DeCoigne v. Ludlum Steel Co.,* 251 App. Div. 662, 297 N.Y.S. 636 (3rd Dept. (1937). This view has also been adopted by the British courts. *Blake v. Head,* 106 L.T.R. 822 (Ct. App. 1912). New Jersey, too, has held that The Workmen's Compensation Act was not intended to cover a deliberate assault by employer and consequently denied recovery

under its compensation statute in a situation such as we have before us. *Rumbolo v. Erb,* 19 N.J. Misc. 311, 20 A. 2d 54 (1941).

There is no significant difference between the pertinent language of the New York, New Jersey and Minnesota acts in effect when these cases were decided and that of the Pennsylvania act. All provide for recovery for an injury arising out of an accident in the course of the employment. Nothing is said in any of them about deliberate acts or assaults by the employer... In each the remedy under the act is made exclusive with exceptions not having to do with the question before us. Minnesota and New Jersey provide that liability under the act shall accrue without regard to negligence. New York provides for liability without regard to fault.

While some jurisdictions have reached opposite conclusions under similarly worded statutes (e.g., *State Compensation Ins. Fund v. Industrial Accid. Comm'n,* 38 Cal. 2d 659, 242 P. 2d 311 (1952)), we think that the cases from New York and New Jersey, above cited, are sound and that we should reach the same result.

The New York-New Jersey theory that a deliberate assault is not within the purview of the act is in accord with the language of the Pennsylvania act as interpreted in our cases. If the injury is the result of an accident in the course of the employment, The Workmen's Compensation Act by its terms bars any recovery in trespass with certain exceptions. Nothing is said about an injury intentionally inflicted by the employer. The phrase, " 'injury by an accident in the course of his employment' ", is defined in §301(c) of the act, 77 PS §411, and excepts the "injury caused by the act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment . . ." Section 301(a) of the act, as amended, 77 PS §431, the effective section, provides that compensation for injury

or death by accident shall be paid in "all cases . . . without regard to negligence . . . Provided, That no compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law . . ."

The word "accident" itself is nowhere defined in the act but its language, covering only injury or death "by an accident" indicates no intention that deliberate injury to an employe by his employer is intended to be covered.

The definition of "accident" given in several of our cases is "'an undesigned . . . event'". *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724 (1933); *McCauley v. Imperial Woolen Co.*, 261 Pa. 312, 327, 104 A. 617, 622 (1918); *Mauchline v. State Insurance Fund*, 279 Pa. 524, 526, 124 A. 168, 169 (1924). There can be no recovery where the injury is not the result of an accident so defined. *Plaugher v. American Viscose Corp.*, 151 Pa. Superior Ct. 401, 402, 30 A. 2d 376, 377 (1943).

The defendants argue that the act, following the exceptions as to injuries inflicted by third persons, states that it shall include "all other injuries sustained while the employe is actually engaged in the furtherance of the business . . . of the employer". Section 301(c) of the Act of 1915, supra, as amended, 77 PS §411. However, our courts hold that an injury to be compensable must be the result of an "accident" which they define as "an undesigned event". *Beale v. Hollimon*, 8 Pa. D. & C. 2d 758 (1956). We conclude that The Workmen's Compensation Act creates no barrier to the plaintiffs' right to recover in trespass for the assault upon the wife-plaintiff by the defendants.

2. The defendants also ask for judgment n.o.v. on the ground that the wife-plaintiff testified that she was pushed by Mrs. Gottschall whereas her only other witness, Mr. Velazguez, testified that she was pushed

by Mr. Gottschall. However, they both testified that both defendants went with her to the door, and that Mrs. Readinger was pushed from behind. The defendants argue that this is such a contradiction that the jury could only guess as to what happened and therefore the verdict must be set aside. However, this is not the law in such a situation as this. "The rule that a plaintiff is bound by his own testimony 'has been limited to situations in which a party's testimony amounts to such a stipulation or waiver as to have the force of a judicial admission, and has been said to apply only when a party's testimony is clear and unequivocal and not when it is inconsistent and conflicting. It is subject to exceptions, as where . . . his testimony relates to an objective matter about which he might honestly be mistaken, such as estimates of time, distances, or speed, or where it consists of a mere expression of an opinion, rather than a statement of fact. More broadly, the view is expressed that a party is not bound by his own testimony where there is other evidence in the case, including the adverse party's, which is more favorable to him, even though it conflicts with his testimony, since a party may be mistaken in his testimony, like any other witness; in other words, a party is regarded as not bound by his testimony where there is contradictory evidence or circumstances which the trier of facts might fairly believe.' " *Jerominski v. Fowler, Dick & Walker*, 372 Pa. 291, 294, 93 A. 2d 433, 435 (1953).

3. The defendants also appeal from the court's refusal to order a new trial. They contend that the verdict was contrary to the weight of the evidence because of certain alleged improbabilities in Mrs. Readinger's testimony and the numerical preponderance of the defendants' witnesses, as well as the conflict above referred to between the testimony of the wife-plaintiff and that of her witness Velazguez. They complain that

the jury was allowed, in fixing damages, to consider Mrs. Readinger's testimony as to her nervous condition and her treatment for that condition although her physician was not produced as a witness. They argue that the verdict, even as reduced, is excessive. We find no error in the court's action on these matters. Whether the verdict should be set aside as contrary to the weight of the evidence is primarily for the discretion of the court below where there is competent evidence, if believed, to sustain the verdict. There was such evidence here. The complaints of nervousness were submitted to the jury with proper instructions as to the absence of expert testimony. Here again we find no error. Nor do we discover any abuse of discretion, under all the testimony, in the court's refusal to further reduce the verdict.

Judgment affirmed.