### Schneider v. Rohm and Haas Company

*Martin M. Krimsky,* for plaintiff.
*Joseph H. Foster,* for defendants.

GREENBERG, *J.,* November 16, 1982—Before us are defendants, Rohm and Haas Company and John Doe I through John Doe XX, preliminary objections to the complaint in trespass and assumpsit. For the reasons stated herein, we overrule said preliminary objections.

## BACKGROUND

Plaintiff has brought this wrongful death and survival action alleging that plaintiff's decedent died of cancer as a result of exposure to certain chemicals, including Bis-chloromethyl ether and Chloromethyl methyl ether while working in the course and scope of his employment with Rohm and Haas from February, 1960 until his death in May, 1980. Plaintiff's complaint alleges intentional tort, fraudulent misrepresentation, conspiracy, negligence and products liability as theories of recovery.

Defendant, Rohm and Haas, has filed preliminary objections alleging that this court lacks jurisdiction by virtue of the provisions of the Pennsylvania Workmen's Compensation Act and the Occupational Disease Act. Plaintiff alleges that valid causes of action have been stated in trespass against defendants, Rohm and Haas and the John Does for intentional tortious conduct and in assumpsit and trespass against Rohm and Haas in its

capacity as manufacturer or distributor of the toxic chemicals. This case involves the resolution of a single legal issue—whether an injured employee's exclusive remedy for his employer's intentional tort is the Workmen's Compensation Act, and a principle factual issue—whether plaintiff's allegations of intentional wrongdoing are adequate.

## DISCUSSION

Defendants have raised the question of whether the legislative intent of the Workmen's Compensation Act was to shield an employer from common law actions for intentional tort. We find that the legislature did not intend to immunize an intentional tortfeasor from common law liability. Plaintiff has pled actionable conduct on defendants' part which is not barred by any existing provision of the Pennsylvania Workmen's Compensation Act.

The intentional infliction of injury is substantially different from injury negligently caused and requires a different treatment. In Pennsylvania, the liability of an employer to an employee for work-related injuries is limited solely to the remedies provided by the Workmen's Compensation Act, 77 Pa.C.S.A. § 1-1066 and the Pennsylvania Occupational Disease Act, 77 Pa.C.S.A. § 1201-1603: Hartwell v. Allied Chemical Corp., 457 F. 2d 1335 (3d Cir. 1972). However, an employee may recover against an employer for an intentional tort if the employer deliberately acts to injure the employee: Neal v. Carey Canadian Mines, Ltd., C.A. no. 78-4242 (E.D. PA., August 31, 1982), Readinger v. Gottschall, 201 Pa. Superior Ct. 134, 191 A. 2d 694 (1963).

In Neal, supra, the court held that where a company which manufactured asbestos insulation

products retained a physician to study the problems of asbestos exposure at its facilities, and the physician made strong recommendations that employees be warned and placed under medical surveillance, the failure to do so amounted to more than negligence. The court found that the evidence was sufficient for the jury to conclude that the company, through the knowledge and inaction of its highest officials, deliberately intended to injure plaintiffs since its conduct was substantially certain to cause harm to plaintiffs.

In Readinger, supra, the court held that an employee can recover for injuries sustained by reason of a physical assault by the employer upon the employee. The court reasoned that the Workmen's Compensation Act "provide[s] for recovery of an injury arising out of an accident in the course of the employment. Nothing is said in any of them about *deliberate acts* or assaults by the employer." Id at 696 (Emphasis added.)

The rationale for the intentional tort exception to the Workmen's Compensation Act's exclusivity provisions is that the intentional infliction of an injury by an employer is not an "injury arising out of the course of the employee's employment." Anastasia v. Parco, Inc., C. P., Philadelphia, May term, 1968, no. 6251 (April 2, 1982) Readinger v. Gottschall, 201 Pa. Superior Ct. 134, 191 A. 2d 694 (1963), Rice v. Rohm and Haas Co., no. 78-2047 (E.D. PA. June 23, 1981), Sumski v. Saquoit Silk Co., 66 Lack. 118 (1965). aff'd on post-trial motion, 68 Lack. 52 (en banc), the Law of Workmen's Compensation, Vol. 2, Sec. 68.00 et seq. (1974).

Judge Takiff, in Anastasia, supra, found the standard to be that plaintiff must establish a "systematic pattern of intentional conduct" on the employer's part in failing to warn employees of known,

latent dangers. In the instant case, plaintiff's allegations set forth in Counts I, II and III state sufficient facts establishing defendants' systematic pattern of intentional misconduct.

In the complaint, plaintiff alleges that in the early 1960's Rohm and Haas management, the John Doe defendants, became aware that employees working in or around certain buildings were contracting cancer at a young age and dying shortly thereafter. Defendants commissioned studies and retained experts to ascertain the cause of the problem, and learned that employee exposures to certain chemicals were dangerous. Nevertheless, defendants continued to allow employees to work around the chemicals with no precautions.

Plaintiff also alleges that defendants deliberate failure to warn employees of the danger constituted an active conspiracy in suppressing dissemination of meaningful information about the nature of the chemicals at the plant. In sum, the complaint adequately pleads that defendant, Rohm and Haas, through its management, the John Doe defendants, intentionally engaged in a systematic pattern of misconduct. Such misconduct states causes of action in intentional tort which are cognizable in this court.

## CONCLUSION

For the reasons stated herein, we overrule defendants' preliminary objections to the complaint in trespass and assumpsit.

## ORDER

And now, November 16, 1982, defendants', Rohm and Haas Company and John Doe I through

John Doe, XX, preliminary objections to the complaint in trespass and assumpsit are overruled with leave to said defendants to file an answer, if desired, within 20 days of the date of this order.