496 A.2d 818

Frederick HIGGINS, Appellee,

v.

CLEARING MACHINE CORPORATION, a DIVISION OF
U.S. INDUSTRIES, INC., and A. Steiert & Sons,
Inc., Appellants,

v.

KELSEY–HAYES COMPANY, HEINTZ DIVISION, Appellee.

Superior Court of Pennsylvania.

Argued May 23, 1985.

Filed Aug. 2, 1985.

Joseph F. Van Horn, Jr. and Robert P. Corbin, Philadelphia, for appellants.

William F. Sweeney, Philadelphia, for appellee.

Before McEWEN, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

Before us is an appeal from an order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of Kelsey-Hayes Company, Heintz Division ("Kelsey-Hayes"), appellee herein and additional defendant below, and dismissing Kelsey-Hayes from the instant action. The issue before us concerns to what extent the Pennsylvania Workmen's Compensation Act ("Act")[1] insulates Kelsey-Hayes, as an additional defendant, from common law liability, on a claim of the original defendants, for allegedly "intentional, wanton and willful" conduct resulting in serious injury to an employee.

Frederick Higgins, plaintiff below[2] and an employee of Kelsey-Hayes, was injured on February 14, 1979, while operating a punch press in the regular course of his employment. On August 11, 1980, Higgins filed a complaint in trespass against appellants, Clearing Machine Corporation ("Clearing Machine"), the manufacturer of the punch press, and A. Steiert and Sons, Incorporated ("Steiert"), the supplier of a die that was on the punch press at the time of Higgins' injury. Subsequent to filing its answer, appellant Steiert petitioned and was granted leave to join Kelsey-Hayes as an additional defendant. Both appellants filed complaints against Kelsey-Hayes alleging its negligence, to

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*
2. Although named as an appellee herein, Frederick Higgins has not participated in the instant appeal.

which Kelsey-Hayes responded in its answer by raising various affirmative defenses. Thereafter, following leave of the court below, both appellants amended their complaints to allege the "intentional, wanton and willful" nature of Kelsey-Hayes' conduct. Kelsey-Hayes' preliminary objections in the nature of a demurrer were sustained by the court below in an order dated May 23, 1984. This appeal followed.

■ We note that, in reviewing the arguments presented, we have been mindful of the following analytical guidelines:

"Preliminary objections in the nature of a demurrer admit as true all well pleaded, factual averments and all inferences fairly deducible therefrom. Conclusions of law, however, are not admitted by a demurrer. It is in this light that the complaint must be examined to determine whether it sets forth a cause of action which, if proved by the plaintiff, would entitle him to the relief he seeks. If the plaintiff does set forth a cause of action on which he is entitled to relief upon proof, the demurrer cannot be sustained. Conversely, a preliminary objection in the nature of a demurrer is properly sustained where the complaint has failed to set forth a cause of action." *Cunningham v. Prudential Property & Casualty Insurance Co.*, 340 Pa.Super. 130, 133, 489 A.2d 875, 877 (1985) (citations omitted).

*Acme Markets, Inc. v. Valley View Shopping Center, Inc.,* 342 Pa.Super. 567, 569–570, 493 A.2d 736, 737 (1985).

■ For the purposes of this appeal, we accept as true, by admission, the following allegations contained in appellants' amended complaints: (1) Prior to the incident giving rise to the instant litigation, there were at least two incidents involving injuries to punch press operators at Kelsey-Hayes' facilities, resulting from a lack of appropriate equipment safeguards; (2) Kelsey-Hayes was fully aware, prior to Higgins' injury, that the operation of the unguarded punch press constituted a violation of the pertinent Occupational Safety and Health Administration ("OSHA") provisions and/or regulations; (3) Notwithstanding the foregoing, Kel-

sey-Hayes permitted Higgins to operate an unguarded punch press; and (4) The cause of Higgins' injury was the "intentional, wanton and willful" conduct of Kelsey-Hayes.[3]

Regarding the exclusivity of the remedies provided by the Act, the Act itself states:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. §§ 411(1), (2)] or occupational disease as defined in section 108 [77 P.S. § 27.1].

As defined by the Act, 77 P.S. § 411(1), the "terms 'injury' and 'personal injury' ... shall be construed to mean an injury to an employe ... arising in the course of his employment and related thereto, ...." Within the same section, the Act further expressly provides:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

Appellants argue that, despite the exclusivity of the Act's remedies, Kelsey-Hayes may be found liable at common law

---

**3.** It is axiomatic that a demurrer does not admit "facts" which are in actuality conclusions of law. *See Lerman v. Rudolph,* 413 Pa. 555, 557–58, 198 A.2d 532, 533 (1964). Arguably, the allegation that Higgins' injury was "caused" by Kelsey-Hayes' "intentional, wanton and willful" conduct constitutes a conclusion of law. However, the respective parties herein frame and address the legal issue before us as being premised upon that conclusion. For the purposes of determining whether a cause of action may be maintained based upon appellants' allegations, we will accept as admitted Kelsey-Hayes' "intentional, wanton and willful" conduct.

for an injury caused by its "intentional, wanton and willful" conduct.

Appellants rely heavily upon a 1963 decision of this court, *viz.*, *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963). In *Readinger*, the plaintiff/appellee was physically assaulted by her employers while she attempted to collect wages due her following notice of her discharge. Prior to certain amendments to the Act in 1972, the Act provided for compensation to employees injured *by an accident* occurring in the course of employment. Relying upon that language, and upon sister states' interpretations of similar language, this court reasoned, "The word 'accident' itself is nowhere defined in the act but its language, covering only injury or death 'by an accident' indicates no intention that deliberate injury to an employe by his employer is intended to be covered." *Id.*, 201 Pa.Superior Ct. at 138, 191 A.2d at 696. In *Readinger*, we concluded that the employers' deliberate assault was not an "accident" and was therefore actionable at common law.

In *Evans v. Allentown Portland Cement Company*, 433 Pa. 595, 252 A.2d 646 (1969), our supreme court considered whether a cause of action in trespass was presented by allegations that, due to an employer's "willful and unlawful" violation of safety provisions, an employee was killed while operating an unguarded conveyor system. The *Evans* court stated, "[W]e have often held ... that even where neglect of a statutory duty is alleged, the employee's only remedy is under the Workmen's Compensation Act." *Id.*, 433 Pa. at 598, 252 A.2d at 648.

Clearly, prior to 1972, Pennsylvania recognized the existence of a common law right of action when an employer deliberately assaulted an employee. *Readinger, supra.* However, a claim premised upon an employer's willful neglect of safety regulations was subject to the Act's exclusive remedy provisions. *Evans, supra. Readinger* and *Evans* should not be viewed as inconsistent simply because both involved an employer's deliberate or willful conduct. In *Readinger*, the employee was intentionally assaulted

while, in *Evans,* the alleged intentional conduct was the employer's neglect of safety requirements. The employee's death, in *Evans,* was still presumptively accidental although the *Evans* rationale did not expressly turn on any accidental/nonaccidental distinction.

In 1972, the legislature amended the Act so as to eliminate any requirement that a compensable injury be occasioned by an accident. As was noted in *Hinkle v. H.J. Heinz Company,* 462 Pa. 111, 116 n. 4, 337 A.2d 907, 910 n. 4 (1975):

> As the injury to Hinkle was allegedly incurred prior to May 1, 1972, the effective date of the 1972 Amendments to the Workmen's Compensation Act, Act of March 29, 1972, P.L. 105, Hinkle was required to prove the occurrence of an 'accident' within the meaning of Section 301(c), 77 P.S. § 411. The 1972 Amendments removed the necessity of proving an 'accident' in order to be eligible for compensation. Thus, for all injuries incurred on or after May 1, 1972, it will only be necessary to prove an 'injury arising in the course of ... employment.' Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 411(1). *Cf. Universal Cyclops Steel Corporation v. Krawczynski,* 9 Cmwlth. 176, 305 A.2d 757 (1973).

As amended, the Act provides compensation for injuries "arising in the course of ... employment." Kelsey-Hayes argues herein that the 1972 amendments to the Act cast doubt on the continued validity of *Readinger, supra, i.e.,* an employer's intentional tortious conduct resulting in nonaccidental injury is no longer actionable outside of the Act. *See Hogey v. Morello Excavating Company, Inc.,* 28 Pa.D. & C.3d 451 (1984). Kelsey-Hayes contends that the only current exception to injuries "arising in the course of ... employment", which are compensable under the Act, are injuries "caused by an act of a third person intended to injure the employe because of reasons personal to him, and

not directed against him as an employe or because of his employment." 77 P.S. § 411(1)[4]

While Kelsey-Hayes may indeed be correct in so interpreting the impact of the 1972 amendments upon cases involving employers' intentional tortious acts directed against employees, we see no need for expressly adopting that interpretation at this juncture.[5]

Kelsey-Hayes' alleged "intentional, wanton and willful" conduct herein comprises its repeated violation of safety regulations and its neglect of a known dangerous condition. Clearly, these allegations should properly be aligned with those presented to our supreme court in *Evans, supra.* No allegation is made that Kelsey-Hayes intended to injure Higgins. Any "intent" on their part develops out of their knowing failure to provide a safe workplace. We view this case as controlled by the language in *Evans* reiterating that "even where neglect of a statutory duty is alleged, the employee's only remedy is under the Workman's Compensation Act." *Evans*, 433 Pa. at 598, 252 A.2d at 648. *Cf. Weldon v. Celotex Corporation*, 695 F.2d 67 (3d Cir.1982); *Ulicny v. National Dust Collector Corporation*, 391 F.Supp. 1265 (E.D.Pa.1975).

Furthermore, applying the standard for determining the compensability of an injury under the Act, as set forth in *Hinkle, supra,* we are satisfied that the injury sustained herein arose "in the course of . . . employment."

4. This court has read the exception for injuries occasioned by third persons, found in § 411(1), as permitting a common law cause of action against the injured employee's employer based upon the employer's negligent failure to provide a safe workplace. *See, e.g., Gillespie v. Vecenie*, 292 Pa.Super. 11, 436 A.2d 695 (1981).

5. We note that, in *Jones v. PMA Insurance Company*, 343 Pa.Super. 411, 495 A.2d 203 (1985) (per Judge Beck, Judge Trommer, sitting by designation, joining, Judge Popovich not participating), this court recently assumed the continued validity of the holding in *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963). However, the *Jones* decision ultimately turned upon the failure of appellant's complaint to state a cause of action for intentional infliction of emotional distress. Therefore, and in light of the 1972 amendments to the Act, we view the issue raised by Kelsey-Hayes herein to be unsettled in this Commonwealth. *Compare Scantlin v. Ulrich*, 318 Pa.Super. 407, 465 A.2d 19 (1983).

Based on the foregoing, we conclude that the appellants herein have failed to state a cause of action upon which relief may be granted.[6]

Order affirmed.

---

**6.** As a result of our disposition of this case, we decline to reach Kelsey-Hayes' argument that it may not be joined as an additional defendant by a third party in an action commenced by an employee against that third party.