522 A.2d 618

George F. BROOKS, Administrator of the Estate of Terri L. Brooks, Deceased, Appellant,

v.

MARRIOTT CORPORATION.

Superior Court of Pennsylvania.

Argued Dec. 3, 1986.

Filed March 16, 1987.

Stephen B. Harris, Warrington, for appellant.

Joseph T. Bodell, Jr., Philadelphia, for appellee.

Before WICKERSHAM,* McEWEN and BECK, JJ.

* Judge Wickersham did not participate in the final disposition of this case.

BECK, Judge:

This is an appeal from the decree of July 8, 1986, entered by the Honorable Isaac S. Garb, President Judge of the Court of Common Pleas of Bucks County, dismissing appellant's complaint. We reverse and remand for proceedings consistent with this opinion.

Appellant is the administrator of the estate of his daughter, Terri L. Brooks, who was employed by Roy Roger's Restaurant, a restaurant owned by appellee, located in Bucks County, Pennsylvania. On February 4, 1984, Ms. Brooks was working in the restaurant when she was severely beaten and stabbed to death by unknown persons following a robbery of the restaurant. Appellant commenced this action by writ of summons on January 8, 1986, naming appellee as defendant.

A complaint was filed on May 21, 1986 against appellee, alleging that the restaurant was located in an area which had been subject to frequent robberies; that this particular restaurant had been robbed on two prior occasions; that appellee and its agents failed to warn or advise the decedent of the danger of employment in the restaurant; and that no specific provisions had been made to protect decedent from attack while she was working in the restaurant. Appellee filed preliminary objections in the nature of a demurrer on May 30, 1986. Thereafter, on July 8, 1986, the lower court entered a decree sustaining the preliminary objections and dismissing appellant's complaint.

Appellant then filed a petition to reconsider, which was denied. This timely appeal followed.

On appeal appellant raises the following issues for our review:

    1. Whether the trial court erred in concluding that the appellant's complaint failed to state a cause of action not barred by the exclusive remedy provision of the Pennsylvania Workmen's Compensation Law?

    2. Whether the trial court erred in declining to grant the plaintiff leave to amend his complaint?

Our standard of review on an appeal from the dismissal of a complaint by preliminary objections in the nature of a demurrer has been summarized as follows:

> Preliminary objections in the nature of a demurrer admit as true all well pleaded, factual averments and all inferences fairly deducible therefrom. Conclusions of law, however, are not admitted by a demurrer. It is in this light that the complaint must be examined to determine whether it sets forth a cause of action which, if proved by the plaintiff, would entitle him to the relief he seeks. If the plaintiff does set forth a cause of action on which he is entitled to relief upon proof, the demurrer cannot be sustained. Conversely, a preliminary objection in the nature of a demurrer is properly sustained where the complaint has failed to set forth a cause of action.

*Acme Markets, Inc. v. Valley View Shopping Center, Inc.*, 342 Pa.Super. 567, 569–70, 493 A.2d 736, 737 (1985) (*quoting Cunningham v. Prudential Prop. & Cas.*, 340 Pa.Super. 130, 133, 489 A.2d 875, 877 (1985) (*en banc*)).

Applying this standard, we find that appellant's complaint failed to state a cause of action against appellee for its own intentional tort. However, we do find appellant's complaint stated a cause of action against appellee based on its failure to prevent the foreseeable attack of a third party. Therefore, the trial court erred in granting appellee's preliminary objections as they related to the attack of a third party. In light of our reversal of the dismissal of appellant's complaint, we do not consider appellant's second issue.

Pennsylvania enacted its Workmen's Compensation Act on June 2, 1915. The Act was based on a theory of "trade-offs." The Act provides certain compensation for the disability or death of an employee caused by an injury or occupational disease arising out of and in the course of employment. In return for these guaranteed payments, the employer was given immunity from common law suits by employees. Pa.Stat.Ann. tit. 77, §§ 481(a), 1403.

 ▮ The exclusivity of the Act's provisions, however, has always been subject to exceptions. Where the Act does not

apply, an employee is free to pursue any common-law remedy against the employer available to him.

The allegations in appellant's complaint suggest two possible bases for recovery against appellee, one under the judicially-created "intentional torts" exception to the Act, and a second pursuant to the § 411(1) exclusion from the Act's coverage of injuries caused by third parties acting out of personal animus. We consider each possible exception in turn.

## I. INTENTIONAL TORT EXCEPTION

Appellant argues that an intentional injury upon an employee by an employer is actionable as an exception to the exclusive protection provided by the Workmen's Compensation Act. In support of this theory appellant cites *Jones v. P.M.A. Ins. Co.*, 343 Pa.Super. 411, 495 A.2d 203 (1985), and *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963).

We recently discussed the meaning of "intentional tort" and "intentional wrong" in *McGinn v. Valloti*, —— Pa.Super. ——, 525 A.2d 732 (1987), in which we held that an employee's cause of action for intentional fraudulent misrepresentation against a co-employee company doctor is not barred by the immunity provisions of Pa.Stat.Ann. tit. 77, § 72.[1] We held that the legislature intended the Workmen's Compensation Act to cover hazards normally expected to be present in the workplace, such as danger caused by an employer's knowing neglect of safety precautions, *Higgins v. Clearing Machine Corp.*, 344 Pa.Super. 325, 496 A.2d 818 (1985); *Evans v. Allentown Portland Cement Co.*, 433 Pa. 595, 252 A.2d 646 (1969), and was the exclusive remedy for injuries caused by those hazards. However, other hazards, such as an employer's physical assault on his

---

**1.** "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong." Pa.Stat.Ann. tit. 77, § 72 (Purdon Supp.1986).

employee, *Readinger, supra,* or intentional infliction of emotional distress, *Jones v. PMA Insurance Co., supra,* were not normally expected to present themselves in the workplace, and were therefore actionable.[2]

■ However, we find that the intentional acts of appellee here caused only a hazard normally expected to be present in the workplace, and are therefore not actionable under the intentional torts exception.  Appellant alleges that appellee intentionally concealed knowledge of previous burglaries and intentionally failed to provide adequate security, resulting in Ms. Brooks' death.  It is well-settled, however, that an employer is not liable under the intentional tort exception for knowing neglect of safety precautions, *Higgins, supra,* or nondisclosure of the hazards of a particular workplace.  *See Millison v. E.I. duPont de Nemours & Co.,* 101 N.J. 161, 501 A.2d 505 (1985).

## II.  EXCEPTION FOR INJURIES INTENTIONALLY INFLICTED BY A THIRD PARTY

While we find that appellant's cause of action against appellee for appellee's own intentional tort is barred, appellant argues that his allegations state a cause of action against appellee under the third party attack exception to the Workmen's Compensation Act.  The Act specifically excepts from the definition of compensable injury an injury

2.  Appellee argues here, as did appellees in *Higgins* and *McGinn,* that the exception for an employer's intentional torts did not survive the 1972 amendments to the Act.  We disagree.  *See McGinn v. Valloti,* J. 74045/86, slip op. at p. 7, f. 3.  The continued validity of the intentional tort exception was recognized in *Jones v. PMA Insurance Co., supra,* a case decided well after the 1972 amendments.  Even more recently, this court explicitly stated: "[A]n action can lie against the employer itself if it harmed its employee through an intentional wrongful act." *Boris v. Liberty Mutual Insurance Company,* 356 Pa.Super. 532, 539, 515 A.2d 21, 24–25 (1985).  To hold otherwise, as appellee would have us do, would be to interpret the legislature's 1972 amendments as declaring that an employer could commit any manner of intentional tort upon an employee, including physical assault, without incurring a common-law tort liability toward the employee.  This we decline to do.  The legislature could not have intended to restrict the employee to his remedies under the Workmen's Compensation Act under these circumstances.

caused by "an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment." Pa.Stat.Ann. tit. 77, § 411(1) (Purdon Supp. 1986). In such a case, the employee is permitted to maintain a common-law action against his employer, typically on the theory that the employer was negligent in failing to take precautions necessary to prevent a foreseeable attack by the third party. *McBride v. Hershey Choc. Corp.*, 200 Pa.Super. 347, 188 A.2d 775 (1963); *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980).

Appellant contends that his complaint sets forth allegations sufficient to establish a cause of action against appellee under this exception and that the lower court erred in dismissing his complaint. We agree.

■ This exception to the coverage of the Act applies to situations in which the third party's acts were motivated by a feeling of animus against the particular person injured. If the third party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the Act. *See* "Injury Inflicted by Third Person for Personal Reasons," 99 C.J.S. § 159, p. 540; *Mike v. Borough of Aliquippa, supra.*

■ In his complaint, appellant avers that:

5. On or about February 4, 1984, Terri L. Brooks, while at the Restaurant, was severely beaten and stabbed to death by an unknown person or persons *following the conclusion of a robbery of the Restaurant.*

6. The acts of the unknown person or persons who beat and stabbed Terri Brooks to death were intended to kill Terri L. Brooks *because of reasons which were personal to such unknown person or persons, and were not directed against Terri L. Brooks as an employee of the Defendant or because of this employment.*

7.  The Defendant knew or should have known that the personal safety of persons occupying the Restaurant was at risk on or about February 4, 1984.

8.  The Defendant knew or should have known that the Restaurant was located in an area which was subject to frequent violent crimes against similar restaurants.

R.R. at 52a. (emphasis added) Viewing these allegations and all inferences fairly deducible therefrom as true, we conclude that appellant has sufficiently set forth a cause of action within the third party exception of Section 411(1). Appellant may find it difficult to prove at trial that Terri Brooks was killed after the accomplishment of the robbery, for reasons not connected with her status as an employee. Appellant would have to prove that the killer had personal animus against the victim and the personal animus was the motivation for the stabbing.  However, his allegations are sufficient to withstand preliminary objections.

In conclusion, the trial court properly sustained the preliminary objections as to appellant's allegation of an intentional tort inflicted by appellee, but erred in dismissing appellant's claim as it relates to the intentional tort of a third party.

We reverse and remand for proceedings consistent with this opinion.