## Weister v. Cumberland Farms of New Jersey Inc.

*Patricia Burke Henss,* for plaintiff.
*Thomas K. Ellixson,* for defendant.

YOHN, *J.,* December 7, 1989 — Defendants Cumberland Farms of New Jersey Inc. and Lily Penn Food Stores Inc. d/b/a Cumberland Farms employed plaintiff in one of their retail stores. She alleges that on December 31, 1980, while she was working in the store, defendants falsely imprisoned her, accused her of stealing and inflicted severe emotional distress upon her. Because plaintiff's allegations are against her employer for intentional torts committed during the course of her employment, the court concluded that she is barred from bringing this action against her employer by the exclusivity section of the Workmen's Compensation Act. 77 P.S. §481(a). The court granted summary judgment in favor of Cumberland and plaintiff appeals.

The incident which gave rise to plaintiff's claim occurred on December 31, 1980 while plaintiff was working as a cashier in one of Cumberland's retail stores. She alleges that Paul Thompson, the store manager and a co-defendant, introduced her to a Mr. Walsh and falsely represented to her that Mr. Walsh was an area executive who wished to interview her concerning a management position. In fact, the individual was a security officer for defendant Miley Detective Agency, which had been retained by Cumberland to investigate thefts at the store. Plaintiff accompanied the individual to a back room where he allegedly detained her, accused her of stealing and held her against her will until she agreed to draft and sign a confession which he dictated. This confession is the only evidence Cum-

berland produced in support of the allegation that plaintiff had stolen from the store.

Plaintiff states that she became hysterical after this incident and was taken by ambulance to a local hospital where she received minor treatment through the emergency room and was released. She has received some limited medical care since the time of the incident, claiming a total of $206 in medical expenses. Plaintiff alleges that she has never recovered from this incident and continues to suffer from anxiety and fear. She alleges that these resulting neuroses prevented her from concentrating and made her fearful to leave home which has resulted in lost employment and lost wages. She requests both compensatory and punitive damages.

Plaintiff filed a complaint against Cumberland, Thompson and Miley. By stipulation of the parties, the complaint against Miley was later dismissed, although the record is silent as to the reasons for the dismissal. Walsh was not sued.

The complaint against the two remaining defendants alleges two counts. The first count is for false imprisonment and the second, for libel and slander. The libel and slander action is barred by a one-year statute of limitation; however, plaintiff now argues that the facts alleged in this count support an action for intentionally causing severe emotional distress and desires to proceed using that theory as a basis for liability.

Cumberland and Thompson both filed motions for summary judgment arguing that plaintiff's action is barred by the exclusivity section of the Workmen's Compensation Act. 77 P.S. §481(a).[1]

_____

1. Both defendants raised alternative arguments that the facts alleged did not state a cause of action for false imprisonment and that the tort of intentional infliction of emotional distress was no longer

Plaintiff responds that the claims are permissible because of the recognized exception to the exclusivity section for intentional torts by employers.

On October 2, 1989 the court entered summary judgment in favor of defendant Cumberland. The court also entered partial summary judgment in favor of defendant Thompson on the allegations of libel and slander (now argued to be intentional infliction of emotional distress) but denied summary judgment on the false imprisonment claim.[2] The present appeal concerns only the summary judgment entered in favor of defendant Cumberland.

## DISCUSSION

When seeking recovery from an employer for an injury sustained in the course of employment, an employee's exclusive remedy is under the Workmen's Compensation statute. 77 P.S. §481. In *Poyser v. Newman and Company Inc.*, 514 Pa. 32, 522 A.2d 548 (1987), the court held that there was no exception to the exclusivity section of the Workmen's Compensation Act for the intentional torts of employers. More recently in *Barber v. Pittsburgh Corning Corporation*, 521 Pa. 29, 555 A.2d 766 (1989), a case concerning a comparable section of the Occupational Disease Act, the court re-emphasized its holding in *Poyser*. "In this court's decision in *Poyser, supra,* we expressly held under a similar provision of the WCA that there was no

recognized in Pennsylvania. The fact that this case is barred under the Workmen's Compensation Act eliminates the need to address these arguments.

2. Co-workers do not have total immunity under the WCA. The legislature granted immunity for employees' negligent acts or omissions in the course of their employment while expressly excluding immunity for "intentional wrong." 77 P.S. §72.

intentional tort exception to the exclusivity provision of the WCA." *Barber, supra.*

Plaintiff's argument that there is such an exception relies on a theory first advanced in *Readinger v. Gottschall,* 201 Pa. Super. 134, 191 A.2d 694 (1963). Essentially *Readinger* held that the statute was intended to cover employment accidents but was not broad enough to encompass injuries deliberately inflicted on employees. A number of subsequent Superior Court cases followed the reasoning of *Readinger* recognizing what came to be known as the implied exception to the exclusivity section of the WCA for the intentional torts of employers. *Brooks v. Marriott Corporation,* 361 Pa. Super. 350, 354, 522 A.2d 618, 620 (1987).

The legislature amended the statute in 1972 specifically deleting the word "accident" relied on by *Readinger* and replacing it with the broader term "injury." *Barber, supra;* 77 P.S. §411. The effect of these amendments on the intentional tort exception carved out by *Readinger* was not immediately clear. *Higgins v. Clearing Machine Corporation,* 344 Pa. Super. 325, 330, 496 A.2d 818, 821 (1985). Several panels of the Superior Court held that the implied exception was unaffected by the 1972 amendments. *Brooks, supra; Barber v. Pittsburgh Corning Corporation,* 365 Pa. Super. 247, 529 A.2d 491, rev'd, 55 A.2d 766 (1989). The Supreme Court recently resolved any doubt about the effect of the 1972 amendments on this exception and the continued viability of the reasoning in *Readinger.* "Any validity to the analysis in *Readinger* has been lost when the 'accident' concept was discarded by the legislature in 1972 and replaced with the 'injury' approach." *Barber, supra.* The argument that employers are somehow not operating in the normal course of business when they injure employees so as not to

bring them within the coverage of the WCA, relies on reasoning which was unequivocally rejected by the Pennsylvania Supreme Court. *Barber, supra; Poyser, supra.*

Plaintiff's argument appears to rest on a supposition that the torts alleged in this case are somehow different in kind from the wrongful acts alleged by the plaintiffs in *Poyser* and *Barber*. Plaintiff's suggestion that workmen's compensation only covers injuries caused by industrial accidents or safety violations in the workplace rather than the sorts of injuries alleged in the present case, misconstrues the reach of the act. A nervous disability or mental illness which is related to stress or caused by the wrongful acts of employers in the workplace is compensable under the WCA. *Bell Telephone Company of Pennsylvania v. Workmen's Compensation Appeal Board (De May)*, 87 Pa. Commw. 558, 487 A.2d 1053 (1985). The legislature broadened the scope of the coverage through its use of the term "injury" in the 1972 amendments. 77 P.S. §411. Limiting the scope of the act in the manner plaintiff suggests would be a revival of the more narrow "accident" approach which the legislature purposely abandoned in 1972.

As pointed out by the Supreme Court in *Barber, supra:*

"We are constrained to follow the clear legislative mandate notwithstanding the appealing quality of the arguments marshalled to support a contrary approach. Once the legislative judgment has been made, we are bound to accept it."

In a similar vein, the Supreme Court stated in *Poyser, supra:*

"The appellant's argument is an interesting one; but it is one that must be resolved by the General Assembly, not this court. What he is asking us to do

is to engraft upon section 303(a)[3] of the act an exception the legislature did not see fit to put there."

Thus, the Supreme Court has explicitly held that there is no intentional tort exception to the WCA. This court cannot engage in weighing qualitative differences among the various tortious acts of employers to permit recovery outside of the act for certain kinds of intentional torts. In *Poyser,* plaintiff alleged that the employer continued to use a machine which he knew was dangerous and which resulted in an employee losing a portion of his finger. *Poyser, supra.* The employees' claims in *Barber* were that the employer knowingly exposed employees to unsafe levels of asbestos, causing employees and their families to contract abestosis. *Barber, supra.* The allegations in these cases as well as in the present case, if established, present situations where employers chose to inflict harm on their employees rather than experience financial losses. That one employer engaged in the type of behavior alleged here to prevent or recover financial losses does not alter the quality or character of his wrongful acts or of the injury to his employee. Each employer may have committed an intentional tort for which he will be liable to his employee. However, the employee's exclusive remedy against his employer for injuries sustained in the workplace, even for intentional harms whatever they may be, is through the Workmen's Compensation Act. For this reason, the court's order entering summary judgment in favor of defendant employer should be affirmed.

---

3. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §481(a).