**VALLEREY STYLIANOUDIS, Plaintiff,**

**v.**

**WESTINGHOUSE CREDIT CORPORATION and Westinghouse Electric Corporation, Defendants.**

Civ. A. No. 90–903.

United States District Court,
W.D. Pennsylvania.

Jan. 23, 1992.

Joel B. Sansone, Pittsburgh, Pa., for plaintiff.

Louise Q. Symons, Martha Hartle Munsch, Esquire, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff brought this action in May of 1990 under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* The single-count complaint charged that agents of the defendant corporations subjected plaintiff to unwanted sexual advances constituting sexual harassment and retaliated against her for failure to acquiesce to those advances. Plaintiff sought compensation for the past economic

losses and future career impairment that allegedly resulted from this behavior.

The complaint, as described above, governed the course and scope of this lawsuit for approximately sixteen (16) months. On October 31, 1991, after the close of discovery and the filing of a dispositive motion, plaintiff moved this court to amend her complaint to add a state law tort claim for the intentional infliction of emotional distress. The amended complaint states that defendants' retaliatory conduct caused plaintiff to suffer emotional and physical distress, including migraine headaches, impaired vision, nausea, chest pains and anxiety attacks.

Plaintiff's motion to amend complaint (the "motion") will be denied as futile because plaintiff's intentional infliction of emotional distress claim is barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act ("WCA"), 77 P.S. § 1, *et seq.*[1]

## DISCUSSION

■ The decision whether to allow a motion to amend a complaint is committed to the sound discretion of this court. *See* Fed.R.Civ.P. 15(a); *Skehan v. Board of Trustees of Bloomsberg State College,* 590 F.2d 470, 492 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). Although leave to amend should be freely granted in the interest of justice, the court should do so only in the absence of untimeliness, undue delay, bad faith, substantial prejudice to the adverse party and futility. *Averbach v. Rival Mfg. Co.,* 879 F.2d 1196, 1203 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Futility—a proposed amendment's fatal deficiency as a matter of law—has been long-recognized as an appropriate ground for denying leave to amend a complaint. *See*

*e.g., Chapman v. Sheridan–Wyoming Coal Co.,* 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 (1950); *Stephens v. Reed,* 121 F.2d 696 (3d Cir.1941).

■ The futility of plaintiff's attempt to interpose a tort claim against her employer in this case becomes apparent when viewed in the context of the workers' compensation system that has evolved in Pennsylvania. Historically, Pennsylvania's employers have been immunized from employee lawsuits for most job-related injuries in return for being subjected to a statutory no-fault system of compensation for worker injuries. This statutory immunization is found in § 303(a) of the WCA. 77 P.S. § 481(a) (Purdon Supp.1991). Section 303(a) provides that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability" if three conditions are met. First, the person seeking to sue the employer must be an "employee." Second, that employee must be "otherwise entitled to damages in any action at law." Third, that employee must have an "injury" as defined in the WCA.

The first two requirements of § 303(a) are met. Paragraphs 4 and 7 and the *ad damnum* clause of Count II to the proposed amended complaint may be treated as admissions by plaintiff that she has been an "employee" of the defendant corporations and that she is claiming entitlement to "damages in [her] action at law."

Therefore, two questions remain: (1) whether the emotional distress alleged by plaintiff is an "injury" as defined by the WCA; and (2) whether there is an applicable exception to the WCA's exclusivity provision.

### I. Emotional Distress as an "Injury" Under the WCA

An employee may be compensated for an "injury" under § 411 of the WCA when

---

1. Defendants offer four other grounds for supporting the denial of plaintiff's motion: (1) undue delay and prejudice; (2) futility, because the underlying claim is barred by the applicable statute of limitations; (3) futility, because the underlying claim fails to state a cause of action for intentional infliction of emotional distress under Pennsylvania law; and (4) futility, because the underlying claim is barred by the exclusivity provision in the Pennsylvania Human Relations Act. The clear bar presented by the exclusivity provision of the WCA makes it unnecessary to address the merits of these arguments.

that injury is sustained "in the course of [her] employment." That the sexually harassing behavior claimed in this litigation is work-related cannot be challenged by a plaintiff who chose to sue her employer for it. Indeed, if plaintiff desires to hold the corporate defendants responsible for the alleged behavior of their employees at Count I of her amended complaint, she must accept that this same behavior arose in an employment context for purposes of defining a compensable "injury" under § 411 of the WCA.

■ Further, Pennsylvania's courts have held that psychological or emotional harm, such as that alleged in plaintiff's proposed tort claim, is a compensable "injury" within the meaning of the WCA. *McDonough v. Workers' Compensation Appeal Bd.*, 80 Pa.Commw. 1, 470 A.2d 1099 (1984) (chronic and acute anxiety allegedly resulting from pressure and harassment suffered on the job); *University of Pittsburgh v. Workers' Compensation Appeal Bd.*, 49 Pa.Commw. 347, 352, 405 A.2d 1048, 1051 (1979) (work-related mental illness).

## II. The Intentional Tort "Exception" to the WCA's Exclusivity Provision

[5] Absent an applicable exception to the exclusivity provision of the WCA, then, the common law claim plaintiff seeks to add to this litigation is precluded. As early as 1963, it was suggested that Pennsylvania may recognize.an intentional tort exception to the WCA's exclusivity provision. *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963). Such an exception, if it exists, would undoubtedly apply to this case. In *Readinger*, the Superior Court allowed an employee injured by an employer's physical assault to pursue a common law action for trespass, notwithstanding the exclusivity provision. Following *Readinger*, other Pennsylvania courts attempted to carve out an intentional tort exception without a legislative mandate. *See e.g., Brooks v. Marriott Corp.*, 361 Pa.Super. 350, 354, 522 A.2d 618, 621 (1987); *McGinn v. Valloti*, 363 Pa.Super. 88, 525 A.2d 732 (1987). These subsequent cases did not account for the fact that the

decision in *Readinger* was rooted in the former statutory language that predicated recovery under the WCA upon the occurrence of an "accident" in the course of employment. By definition, an accident is unintentional. In 1972, however, the legislature replaced the "accident" approach with the "injury" approach discussed above. This was the unclear state of the law prior to the Pennsylvania Supreme Court's definitive pronouncement in *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548 (1987).

In *Poyser*, the Court expressly held that the intentional tort exception, to the extent that it was ever alive, was now dead. *Poyser*, 514 Pa. at 36, 522 A.2d at 550. More recently, the Court has reaffirmed and explained its holding in *Poyser* that there was no intentional tort exception to the exclusivity provision of the WCA:

> That decision [*Poyser*], filed in March 1987, apprised the General Assembly that the WCA, as interpreted by this Court, preserved no common law cause of action for intentionally inflicted harm. Now, two years later, the legislature has not acted in any way, nor in any manner which would indicate that the decision did not reflect their intention.

*Barber v. Pittsburgh Corning Corp.*, 521 Pa. 29, 37, 555 A.2d 766, 770 (1989).

Federal district courts sitting in Pennsylvania consistently have applied the *Poyser/Barber* doctrine in Title VII cases to dismiss claims for the intentional infliction of emotional distress against employers. *James v. IBM*, 737 F.Supp. 1420, 1427 (E.D.Pa.1990) (in a Title VII action, "the exclusivity provision of the Pennsylvania Workmen's Compensation Act bars an employee's recovery on claims for intentional infliction of emotional distress"); *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1143 (E.D.Pa.1990) (in a Title VII action alleging sexual harassment, the WCA "bars plaintiff's common law claim for intentional infliction of emotional distress by providing an exclusive statutory means by which an employee injured in the course of employment can recover against her employer"); *Kuhn v. Mellon Bank, N.A.*, No.

87–2767 (W.D.Pa., June 19, 1989) (Standish, J.) (in a Title VII action alleging sexual harassment by co-workers, the male plaintiff's claim under Pennsylvania law for the intentional infliction of emotional distress was dismissed because an "employee may not recover damages in an action at law against his employer for such injuries even though they are intentionally caused by his employer").

## CONCLUSION

Granting plaintiff's motion to amend the complaint to add a count for intentional infliction of emotional distress would be an empty gesture, devoid of meaning and effect. Accordingly, it will be denied.